IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**JOHN D. HORTON,**

    **Plaintiff,**

v.                                                             Civil Action No. 1:23-CV-18
                                                                        (JUDGE KLEEH)

**NATIONAL INSTANT CRIMINAL
BACKGROUND CHECK SYSTEM,**

    **Defendant.**

**REPORT AND RECOMMENDATION RECOMMENDING THAT PLAINTIFF'S COMBINED MOTIONS [ECF NO. 15] AND "CROSS MOTION" [ECF NO. 21] BE DENIED, AND DEFENDANT'S MOTION TO DISMISS [ECF NO. 17] BE GRANTED**

This matter is before the undersigned Magistrate Judge pursuant to a Referral Order [ECF No. 4] entered by the Hon. Thomas S. Kleeh, Chief United States District Judge, on February 21, 2023.

On February 10, 2023, *pro se* Plaintiff John D. Horton filed a Complaint against Defendant National Instant Criminal Background Check System ("NICS").[1] [ECF No. 1]. There are three motions pending before this Court. First, on May 26, 2023, Plaintiff filed combined motions for Default Judgment and Declaratory Judgment. [ECF No. 15]. Second, on June 22, 2023, prompted by this Court's Order to Show Cause [ECF No. 16], Defendant filed a Motion to Dismiss and Memorandum of Law in Support, thereof. [ECF No. 17]. Finally, on August 1, 2023, Plaintiff filed

---

[1] From the undersigned's review of the record, it is unclear whether NICS is itself an entity that can be properly included as a party to litigation, or whether it might be more appropriately considered to be a function or a program of a governmental entity or agency – and that such entity or agency would be a properly-named party. However, because the parties do not raise or brief this issue, and in view of Plaintiff's *pro se* status, the undersigned does not further analyze the propriety of naming NICS as a party-Defendant.

1

a document [ECF No. 21] styled as a "Cross Motion"; the undersigned also construes this filing as, in part, a response in opposition to Defendant's motion to dismiss.[2]

The Court also is in receipt of Defendant's reply [ECF No. 22] in support of its motion to dismiss, filed on August 9, 2023.

For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that Plaintiff's combined motions for Default Judgment and Declaratory Judgment [ECF No. 15] be **DENIED**, Defendant's Motion to Dismiss [ECF No. 17] be **GRANTED**, Plaintiff's filing styled as a "Cross Motion" [ECF No. 21] be **DENIED**, and Plaintiff's Complaint [ECF No. 1] be **DISMISSED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND, AND PARTIES' CONTENTIONS

On or about February 10, 2023, *pro se* Plaintiff filed his Complaint [ECF No. 1] in the Northern District of West Virginia. It appears that the Federal Bureau of Investigation ("FBI") was served by the U.S. Marshals Service at 1000 Custer Hollow Road, Clarksburg, WV 26306 on March 1, 2023. [ECF No. 8]. From the undersigned's review of the docket, it does not appear that the United States Attorney's Office for the Northern District of West Virginia nor the Attorney General of the United States have been served.

Plaintiff alleges in the Complaint that Defendant violated the Freedom of Information Act ("FOIA"). Specifically, Plaintiff complains that the Defendant violated FOIA by failing to release records relating to Plaintiff which it possessed. Plaintiff asserts that he submitted to NICS a written request for these records and received nothing. It appears that NICS is the federal program by

---

[2] To the extent that Plaintiff intends this filing to be a response to Defendant's motion to dismiss [ECF No. 17], it is untimely filed outside of the timeframe required under the Local Rules. LR Civ P 7.02(b)(1). Nonetheless, the undersigned evaluates it on its merits.

which prospective firearms purchasers are reviewed, and that Plaintiff sought records concerning the denial of permission for Plaintiff to purchase a firearm.

Defendant asserts in its memorandum in support of its motion to dismiss [ECF No. 17-1] that, after receiving the Complaint, staffers with the Record/Information Dissemination Section (RIDS) of the FBI and the FBI's Criminal Justice Information Services Division (CJIS), which manages NICS, searched their databases for any FOIA and Privacy Act (FOIPA) requests from Plaintiff. In fact, Defendant provided a sworn declaration by a staffer with knowledge within the pertinent agency, to explain how the agency processes requests like Plaintiff's, and how it processed Plaintiff's particular request. Defendant states that the search yielded no FOIPA requests *per se* from Plaintiff, but instead yielded only one written inquiry from Plaintiff otherwise. By this inquiry, from December 12, 2022 (not lodged specifically pursuant to FOIA), Plaintiff sought information for the basis for a firearm-related denial. By letter of December 19, 2022, CJIS informed Plaintiff that the NICS Transaction Number (NTN) or the State Transaction Number (STN), provided in the request, had no matches in the system. Consequently, there was no way to process the request, and Plaintiff was made aware of this issue in that correspondence.

On May 26, 2023, Plaintiff filed combined motions [ECF No. 15] for default judgment and declaratory judgment, arguing that Defendant had been properly served with the Complaint and had failed to respond. Plaintiff requested the issuance of a declaratory judgment establishing that he had not been listed properly within NICS and that his listing within NICS is nullified. Plaintiff requested an award of monetary damages in the amount of $1,000.00 for each day[3] that Plaintiff claims he was listed improperly in NICS. By its motion to dismiss, Defendant argues that service

---

[3] The basis for the request for this monetary sanction is wholly unsubstantiated in Plaintiff's briefing.

of process was insufficient, and that in any event, Plaintiff failed to exhaust his administrative remedies and, with such failure, the court lacks subject matter jurisdiction.

## II.   LEGAL ISSUES AND ANALYSIS

### A.  Legal Standards

The Court must liberally construe *pro se* pleadings when reviewing a motion to dismiss. Estelle v. Gamble, 429 U.S. 97, 106 (1976); DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018). Written pleadings by *pro se* plaintiffs must be held to less stringent standards. Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, the Court is not permitted to construct a *pro se* plaintiff's arguments for them, nor should it "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Under the Federal Rules of Civil Procedure, if the Court, at any time, determines it lacks subject matter jurisdiction, the matter must be dismissed. Fed. R. Civ. P. 12(h)(3). In questions of whether subject matter jurisdiction lies, the burden lies with a plaintiff to prove that it does. Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The Court may consider the allegations in the Complaint as evidence regarding subject matter; however, other evidence may also be considered, instead of converting the motion to dismiss into a summary judgment matter. Id.

A claim also can be dismissed when there is insufficient service of process. Fed. R. Civ. P. 12(b)(5). Germane to the instant matter, Federal Rule of Civil Procedure 4(i) governs service upon the United States and its agencies. Under the rule, for service to be appropriate, a plaintiff must:

> (A)(i) deliver a copy of the summons and complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

(B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

(C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i).

## B. The Court Lacks Subject Matter Jurisdiction.

Under seminal caselaw governing FOIA litigation, and as Defendant rightly points out, Plaintiff is required to exhaust administrative remedies before seeking court intervention. Schwarz v. F.B.I., 31 F. Supp. 2d 540, 542 (N.D.W. Va.) citing Spannaus v. Department of Justice, 824 F.2d 52 (D.C. Cir. 1987). This requirement is straightforward, and when not followed, the court in which the claimant seeks review lacks subject matter jurisdiction. Id.

In the instant matter, Plaintiff failed to exhaust administrative remedies. All indications from the record before the undersigned are that Plaintiff failed to submit a proper FOIA request. After all, for purposes of this context, FOIA is a statute setting forth a process by which a person may seek agency records. See 5 U.S.C. § 552(a)(3). In the instant matter, though, nothing shows Plaintiff to have made a request for agency records pursuant specifically to FOIA. That is to say, after a database search, RIDS and CJIS personnel found one request made by Plaintiff to NICS's Criminal History Analysis Team, by which he requested agency rationale about denial of a firearm purchase. Yet, this was not a FOIA request *per se*, made pursuant to that statute or purporting to be any sort of Freedom of Information inquiry. Rather, it was a simple, terse request, seeking agency reasoning for denial of his purchase. [ECF No. 17-3].

To the extent which Plaintiff may nonetheless argue that his request for agency rationale was a FOIA request, all indications are that he did not supply a transaction number by which the agency could respond to the inquiry. As such, the agency was hamstrung and could not provide

further information. To this end, just seven days later, the agency sent a response indicating as such, and Plaintiff took no further action to correct his request or supply updated or more detailed information which would allow the agency to respond to the inquiry.

As such, the undersigned **FINDS** that Plaintiff did not exhaust administrative remedies before filing suit, as plainly required by FOIA caselaw.

### C.  Service of Process on the United States was Insufficient.

Pursuant to Federal Rule of Civil Procedure 12(b)(5), the United States must be served properly under Rule 4(i) or the matter may be dismissed. Rule 4(i)(1)(A)(i) requires that a United States agency must be served through the United States Attorney's Office for the district where the action is brought. Additionally, Rule 4(i)(1)(B) requires the Attorney General of the United States also be sent a copy by certified mail.

Here, the FBI was served a summons on March 1, 2023, at 1000 Custer Hollow Road, Clarksburg, West Virginia 26306. As Defendant correctly argues, and upon a review of the record herein, there is nothing to indicate that Plaintiff achieved service upon the United States Attorney's Office for the Northern District of West Virginia or the Attorney General of the United States, as required. Therefore, the undersigned **FINDS** that service of process was insufficient pursuant to Fed. R. Civ. P. 4(i).

To this end, Plaintiff's combined motions [ECF No. 15] for entry of default judgment and declaratory judgment are misplaced. First, to achieve any such relief, Plaintiff must have properly served Defendant, which he did not do, as set forth above. And secondly, Plaintiff appears to conflate "default" and "default judgment" under Fed. R. Civ. P. 55. In this context, it is unnecessary to parse the nuances of the two forms of relief, as Plaintiff did not achieve proper

service in the first place. Thus, the undersigned **FINDS** that Plaintiff's combined motions [ECF No. 15] are premature and improperly lodged.

### D. Plaintiff's "Cross Motion" [ECF No. 21]

To the extent which Plaintiff's filing [ECF No. 21] is styled and docketed as a motion, the relief requested is wholly inappropriate and unsupported. Specifically, by the title of the motion, Plaintiff requests summary judgment, but cites no standards or arguments in the fashion of a summary judgment motion brought under Fed. R. Civ. P. 56. He cites no rule, caselaw, or other authority specifically supportive of a summary judgment motion. As such, the undersigned **FINDS** that the filing, to the extent it is presented as a summary judgment motion, is unfounded and requires no further review.

Further, to the extent which the filing is a request for default judgment and sanctions, the request can be dispensed with easily. As set forth above, entry of default judgment is improper, as Plaintiff failed to achieve proper service. And because Plaintiff has failed to establish a right to proceed herein, let alone demonstrated misconduct of any sort by the opposing party, the motion must fail.

### E. Conclusion

In sum, Plaintiff has filed this matter without exhausting all administrative remedies; consequently, there is no subject matter jurisdiction for this Court to hear this case. Furthermore, Defendant, as an agency of the United States, was not properly served as such a party must be under the Federal Rules of Civil Procedure. Thus, the undersigned **FINDS** and concludes that Plaintiff's claim should be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for insufficient service pursuant to Fed. R. Civ. P. 12(b)(5). Due to foregoing

jurisdictional and procedural issues, Plaintiff's combined motions [ECF No. 15] should be denied and Defendant's motion to dismiss [ECF No. 17] should be granted.

### III.     RECOMMENDATION AND CONCLUSION

Accordingly, for the reasons herein stated, the undersigned **RECOMMENDS** that Plaintiff's combined motions for Default Judgment and Declaratory Judgment [ECF No. 15] be **DENIED**, Defendant's Motion to Dismiss [ECF No. 17] be **GRANTED**, and that Plaintiff's Complaint [ECF No. 1] be **DISMISSED with prejudice**.

Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the presiding United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to send a copy of this Report and Recommendation to counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, and to

*pro se* Plaintiff by certified mail, return receipt requested.

    Respectfully submitted on August 15, 2023.

_____
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE
